Date signed August 06, 2010



                    PAUL MANNES
            U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BETHANY HOMES, INC. | : | Case No. 10-10463PM |
| | : | Chapter 7 |
| | : | |
| Debtor | : | |

### MEMORANDUM OF DECISION

While no case has a twin, the matter before the court is closely akin to the case of *Melkersen v. Ray Constr. Co., Inc.*, 315 B.R. 45 (Md. 2004), where, on appeal, the district court was also confronted with the imposition of sanctions in a corporate case filed under chapter 7 for a defunct and assetless corporation. Both this case and *Melkersen* were objectively futile and filed for an improper purpose – to obstruct the efforts of creditors seeking to collect judgments. There were no significant assets to liquidate, and the creditors holding unsecured claims benefited not in the least by the filing of the case. Creditors John W. Hesse and Stephanie L. Hesse move to dismiss this case and for the imposition of sanctions against the Debtor, David W. Bernstein, Debtor's president and sole shareholder, and Steven E. Mirsky, the attorney filing the case.

       The moving parties hold a judgment against the Debtor in the sum of $100,000.00, entered by the Circuit Court for Montgomery County, Maryland. In the course of litigation filed

in that court, the parties' dispute was submitted to binding arbitration.  The arbitrator, Patrick C. McKeever, Esq., awarded the Hesses $100,000.00, and following his decision, the Circuit Court confirmed the arbitration award by a judgment entered on March 25, 2008.  There were various attempts to obtain and compel discovery to aid in execution of this judgment, with service made upon the Debtor and Mr. Bernstein.  Following the granting of a motion to compel and the denial of a motion for a protective order, as in *Melkersen*, there followed a motion to hold Debtor in contempt.  A hearing was scheduled on that motion for January 11, 2010, at 10:00 A.M.  This bankruptcy case under chapter 7 was filed on January 8, 2010, at approximately 3:00 P.M.  All discovery for the purpose of collection of the judgment was thus stayed by the operation of 11 U.S.C. § 362(a).

   In the period of time while the Hesse litigation described above was going on, Debtor was unable to meet its obligations to it principal lender, K Bank (the "Bank"), whose loan was secured by a 26.37 acre tract of land located in Damascus, Maryland.  Debtor valued the property at $400,000.00, subject to liens in the sum of more than four times that amount.  In time, the Bank entered into a forbearance agreement (the "Agreement"), dated November 16, 2009, with the Debtor, JNB at Harpers Ferry, LLC, and Mr. Bernstein as guarantor (the "Obligors").  The Agreement noted that the Bank had entered into an agreement with Benum Investments, LLC, pursuant to which Benum was to buy the Bank's positions in the notes no later than November 30, 2009.  This was the same date set forth in the Agreement for the maturity of all of the Debtor's obligations to the Bank.  The Agreement also provided for the Bank's right to foreclose should Benum fail to proceed to closing as scheduled, as well as the Bank's right, in its sole discretion, to continue funding to complete the subdivision in the event of foreclosure.  The borrowers agreed to cooperate fully with the Bank's foreclosure process and executed a comprehensive general release of the Bank.  The Bank conditionally covenanted not to sue the Obligors, provided that they complied fully with the Agreement.  Debtor's filing of a bankruptcy petition before a foreclosure sale, without the prior written consent of the Bank, would have given the Bank the right to declare the release a nullity.

   With this green light from the Debtor, the foreclosure took place on the morning of January 8, 2010.  The filing of this bankruptcy case followed that afternoon.  Having examined the schedules that were executed under oath by Mr. Bernstein [D.E. No. 9], it is difficult to conceive of the filing of a more frivolous petition.  These schedules reflected debts of

$2,709,000.00 and assets consisting of real property scheduled at $600,000.00 and $44.51 in cash.  The scheduled creditors were the Bank, Benum Investments (presumably a junior lienor), the Hesses and Montgomery County, Maryland, the holder of a $1,000.00 judgment.  There was no action threatened that required the imposition of the automatic stay inasmuch as there was nothing left in the corporate till.  This is a perfect example of the filing of a bankruptcy case in bad faith. The one and only purpose of the filing was to forestall the contempt action against this defunct corporation.  This is manifest by the filing of amended schedules a week before the hearing on this motion to dismiss, when, for the first time, serious efforts were made to comply with the requirements of the bankruptcy code and rules.  These amendments were made more than five months after the meeting of creditors and the filing of the chapter 7 trustee's report of no distribution.  Moreover, the eleventh hour disclosures did not galvanize the trustee into action. There is absolutely no reason to believe that this return on behalf of the Debtor to the righteous straight and narrow path was triggered by anything other than the motion to dismiss the case filed by the Hesses.

     A court may dismiss a bankruptcy case filed under Chapter 7 where the petitioner files the case in bad faith.  *In re Zick,* 931 F.2d 1124, 1126-1127 (CA6 1991).  The presence or absence of good faith is determined on an ad hoc basis and depends on whether the petitioner has abused the purpose, provisions or spirit of the bankruptcy law.  *In re Tammecki*, 229 F.3d 205, 207 (CA3 2000).

     The filing of a bankruptcy petition in bad faith is a per se violation of Fed. Rule of Bankruptcy Proc. 9011(b)(1) that provides as follows: "By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]"  The safe harbor provision of Rule 9011(c)(1) has no application to the filing of a petition, as once the petition is filed, the damage done cannot be undone.  As noted in the 1997 Advisory Committee Notes to Rule 9011:

> The "safe harbor" provision contained in subdivision (c)(1)(A), which prohibits the filing of a motion for sanctions unless the challenged paper is not withdrawn or corrected within a prescribed time after service of the motion, does not apply if the challenged

    paper is a petition. The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

*See also In re Silberkraus*, 336 F.3d 864, 868 (CA9 2003).

    Under Rule 9011(c)(2), sanctions for violation of Rule 9011(b) may be imposed against the attorney or parties that have violated the Rule or who are responsible for the violations. These sanctions may include an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a result of the violation of Rule 9011(b). *In re Talisman Marina, Inc*., 393 B.R. 774, 777 (BC M.D. Fla. 2008). However, the sanctions to be imposed are based upon the court's determination of the offended party's reasonable fee, even if that amount is less than the actual expenses incurred. *Fox v. Acadia State Bank*, 937 F.2d 1566, 1571 (CA11 1991). This rule supplements the inherent power of the bankruptcy court to regulate the behavior of litigants and to impose sanctions for bad faith in the conduct of litigation. *In re Weiss*, 111 F.3d 1159, 1171-1172 (CA4 1997). It has been stated that, when Rule 9011 has been violated, the imposition of sanctions is mandatory and not discretionary. *In re Chisum*, 847 F.2d 597, 599 (CA9 1988).

    In fixing appropriate sanctions for this violation of Rule 9011, the court does not need the testimony of expert witnesses, as it may call upon its own experience. As restated in the case of *In re TMT Trailer Ferry, Inc*., 577 F.2d 1296 (CA5 1978), "'the court, either trial or appellate, is itself an expert on the question (of attorneys' fees) and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value.'" *Id*. at 1304 (quoting *Campbell v. Green*, 112 F.2d 143, 133 (CA5 1940)). *See Spirtas Co. v. Insurance Co. of State of Pa.*, 555 F.3d 647, 654 (CA8 2009); *Oxford Asset Mgmt, Ltd. v. Jaharis*, 297 F.3d 1182 (CA11 2002) (court faced with inadequate fee application). At a minimum, counsel who filed the petition must disgorge all fees received by him in connection with the filing of this case. His lack of diligence in filing this case was best described in testimony given by his client's principal during both the Rule 2004 examination and the hearing on the Hesses' motion to dismiss, throughout which Mr. Bernstein sought to explain why his statements under oath were careless at best and perjurious at worst.

After considering the totality of the circumstances presented, the court must fix an appropriate amount of sanctions for the misconduct of both attorney and client. The Hesses, in pursuing their right to obtain post-judgment discovery, were damaged by the bad faith conduct described in this decision. The filing was an abuse of the bankruptcy system, and the court will impose a sanction of $5,000.00 jointly and severally upon Messrs. Bernstein and Mirsky, because both are responsible for this bad faith filing. An appropriate order will be entered.

cc:     Bethany Homes, Inc., c/o David Bernstein, 3428 Shady Lane, Glenwood, MD 21738
        Alexander M. Laughlin, 7925 Jones Branch Drive, Suite 6200, McLean, VA 22102
        Steven E, Mirsky, 401 N. Washington Street, Suite 550, Rockville, MD 20850
        Patrick J. Kearney, Selver Burvitch Rabin & Obecny, Chtd., 4426 East-West Highway,
            4th Floor, Bethesda, MD 20814
        Cheryl E. Rose, 12154 Darnestown Road, #623, Gaithersburg, MD 20878

**End of Memorandum of Decision**